J-S22038-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN W. HOLLINS, III, | : | |
| | : | |
| Appellant | : | No. 941 MDA 2015 |

Appeal from the Order Entered May 15, 2015
in the Court of Common Pleas of Dauphin County,
Criminal Division, at No(s): CP-22-CR-0001924-2008

BEFORE:    MUNDY, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                    **FILED MARCH 31, 2016**

John W. Hollins, III (Appellant) *pro se* appeals from the May 15, 2015 order which denied his motion for sentence modification.  For the reasons that follow, we vacate the court's order denying Appellant's motion and remand for further proceedings consistent with this memorandum.

On September 8, 2008, Appellant pled guilty to, *inter alia*, 11 counts of unlawful distribution of a controlled substance.  On November 26, 2008, he received an aggregate sentence of 12 to 24 years' incarceration. Appellant filed no direct appeal.

On May 8, 2015, Appellant filed an application for leave to proceed *in forma pauperis*.  Simultaneously, Appellant filed the motion that is the subject of the instant appeal.  Therein, he claimed that he is entitled to relief because part of his sentence is unconstitutional pursuant to the United

_____

*Retired Senior Judge assigned to the Superior Court.

States Supreme Court's holding in *Alleyne v. United States*, 133 S.Ct. 2151 (2013) (holding that a fact which triggers the imposition of a mandatory minimum sentence is an element of the crime and must, therefore, be determined beyond a reasonable doubt by a jury). On May 15, 2015, the trial court issued an order denying Appellant's motion based upon the fact that "more than thirty days elapsed since imposition of sentence."[1] Trial Court Order, 5/15/2015. The trial court neither held a hearing nor appointed counsel before issuing the order denying Appellant's motion. Appellant timely filed a notice of appeal.[2]

Initially, we note that the trial court should have treated Appellant's motion as a petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and not as an untimely post-sentence motion.[3] "It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief…. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition[.]" *Commonwealth v. Taylor*, 65

---

[1] The trial court reasoned that the denial of Appellant's motion was proper pursuant to Pa.R.C.P. § 720(a), because it was "well outside the timeliness requirements dictated by our [r]ules of [c]riminal [p]rocedure." Trial Court Opinion, 8/17/15, p. 2-3.

[2] Both Appellant and the trial court complied with Pa.R.A.P 1925.

[3] The Commonwealth made this correct observation in their reply brief: "[T]he Commonwealth believes [Appellant] was ultimately attempting to file a PCRA petition, as it would be the proper vehicle for seeking relief from an alleged illegal sentence during post-conviction" Commonwealth's Brief at 5.

A.3d 462, 465-66 (Pa. Super. 2013). A claim challenging the legality of a sentence is cognizable under the PCRA. **See Commonwealth v. Guthrie**, 749 A.2d 502 (Pa. Super. 2000).

Rule 904 of the Rules of Criminal Procedure requires the appointment of counsel for an indigent petitioner on his or her first PCRA petition.[4] Pa.R.Crim.P. 904(C). In this regard, this Court has stated as follows:

> An indigent petitioner is entitled to representation by counsel for a first petition filed under the PCRA. This right to representation exists throughout the post-conviction proceedings, including any appeal from disposition of the petition for post-conviction relief. Once counsel has entered an appearance on a defendant's behalf, counsel is obligated to continue representation until the case is concluded or counsel is granted leave by the court to withdraw his appearance.

**Commonwealth v. Brown**, 836 A.2d 997, 998-99 (Pa. Super. 2003) (citations and internal quotation marks omitted); **see also Commonwealth v. Peterson**, 683 A.2d 908, 911 (Pa. Super. 1996) (holding that a PCRA petitioner is entitled to counsel for his first PCRA petition, regardless of the merits of his claims). Such representation is required even if, as in this case, the petition appears to be untimely. **See Commonwealth v. Ferguson**, 722 A.2d 177, 179 (Pa. Super. 1998) ("[E]ven where a PCRA petition

---

[4] This requirement is irrespective of whether or not Appellant requests counsel to be appointed. **See Commonwealth v. Auchmuty**, 799 A.2d 823, 826 (Pa. Super. 2002) ("[This Court] opined that clearly Rule Pa.R.Crim.P. 904 does not require petitioners to affirmatively request appointment of counsel and concluded it also was necessary to remand for appointment of counsel.").

appears untimely, an indigent petitioner is entitled to counsel in order that a determination may be made as to whether any of the exceptions to the time limitation of section 9545(b) apply to the circumstances surrounding his convictions.").

Herein, we conclude that the trial court should have treated Appellant's motion for sentence modification, which was the first filing initiated by Appellant since he was sentenced, as Appellant's first PCRA petition. As such, after the court found that Appellant was entitled to IFP status, the trial court was required to appoint counsel.

Because Appellant was denied his right to representation in his first PCRA petition and there is no indication that Appellant waived his right to counsel, we vacate the May 15, 2015 order denying Appellant's motion.[5] We remand for the appointment of counsel to provide the representation to which Appellant is entitled under Pa.R.Crim.P. 904(C), beginning with the filing of an amended PCRA petition or a no-merit letter which satisfies all of the requirements of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Should Appellant indicate that he wishes to proceed *pro se* on his petition,

---

[5] "[W]here an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011).

the PCRA court shall hold a proper hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) to determine if such waiver is voluntary, intelligent, and knowing.

Order vacated.  Case remanded with for proceedings consistent with this memorandum.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2016